# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MAUREEN A. SIMMONDS GIBSON, <br> Appellant, | DOCKET NUMBER <br> DA-0752-16-0092-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, <br> Agency. | DATE: October 18, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Maureen A. Simmonds Gibson, Killeen, Texas, pro se.

Blaine Markuson, Esquire, Fort McCoy, Wisconsin, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal for failure to maintain a condition of employment. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2      Effective November 1, 2015, the agency removed the appellant from the position of U.S. Army Reserve Unit Administrator for failure to maintain a condition of employment. Initial Appeal File (IAF), Tab 5 at 15, 17-19. On November 20, 2015, the appellant filed an appeal through the Board's e-Appeal system in which she alleged that the removal was "rushed" because she had requested and was approved to take leave under the Family and Medical Leave Act of 1993 (FMLA). IAF, Tab 1 at 6. On April 12, 2016, the administrative judge held a telephonic hearing in the appeal, and on May 26, 2016, she issued an order reopening the record to allow the parties an opportunity to file evidence and argument on the appellant's affirmative defense and notifying the appellant of her burden to establish by preponderant evidence that her FMLA activity was a motivating factor in the removal. IAF, Tabs 15-16. In her May 26, 2016 Order, the administrative judge ordered the appellant to file evidence and argument regarding her affirmative defense by June 2, 2016, and warned that if the appellant failed to file a response by the deadline, she would have waived her affirmative defense. IAF, Tab 16 at 3. The appellant failed to respond to the order, and on June 10, 2016, the administrative judge issued an initial decision affirming the agency's removal action. IAF, Tab 17, Initial Decision (ID). The initial decision informed the appellant that the decision would become final on July 15, 2016, unless a petition for review was filed by that date and informed the appellant how to file a petition for review. ID at 4-5. The initial decision reflects that it was sent to the appellant, as a registered electronic filer (e-filer), by electronic mail on June 10, 2016. IAF, Tab 18.

¶3      The appellant sent correspondence to the Board's Dallas Regional Office dated August 20, 2016, which was then forwarded to the Office of the Clerk of the Board. Petition for Review (PFR) File, Tab 1. In response to a request for clarification from the Clerk of the Board, the appellant confirmed that she

intended this correspondence to be considered a petition for review. PFR File, Tabs 2-3. The Clerk of the Board informed the appellant that her petition was untimely filed and notified her that such a petition must be accompanied by a motion to accept the filing as timely or to waive the time limit for good cause. PFR File, Tab 4 at 1-2. The Clerk's notice afforded the appellant an opportunity to file the required motion. *Id.* at 2.

¶4      The appellant submitted a motion and sworn statement addressing her untimely filing. PFR File, Tab 5. In her sworn statement, the appellant first asserted that she did not view the initial decision in her personal email until on or about July 8, 2016. *Id.* at 3. She stated that, following the hearing in April 2016, she reviewed her emails and checked the Board repository for the next 2 months but was not aware of the affirmative defense order. *Id.* She further stated that she did not receive any telephone contact regarding the order, whereas she had been contacted about orders issued and her deadline to respond by telephone in the past.[2] *Id.* The appellant also asserted that she composed a letter dated July 20, 2016, and mailed the letter the following week, but she misaddressed the envelope enclosing the letter, and the letter was returned to her. *Id.* She stated that she then updated the date of the letter to August 20, 2016, corrected the address, and mailed the letter later accepted by the Board as her petition for review. *Id.*

¶5      The agency subsequently submitted a response opposing the appellant's petition, and the appellant submitted a reply to the agency's response. PFR File, Tabs 6-7.

---

[2] It is not clear whether the appellant is asserting that she did not receive telephone contact regarding the affirmative defense order, the initial decision, or both; accordingly, we address the appellant's argument with respect to the initial decision. *See infra* ¶ 8.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶6        A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the initial decision was issued, within 30 days after the date the appellant received the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive this time limit only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, 583 (2009) (citing *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980)). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Id.* at 583-84 (citing *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table)). Only if the appellant demonstrates good cause does the Board determine whether the agency has shown it would be prejudiced by a waiver of the time limit. *Moorman*, 68 M.S.P.R. at 63.

¶7        To the extent the appellant may be attempting to show that she received the initial decision on July 8, 2016, we nevertheless deem her to have received the initial decision on June 10, 2016. The appellant elected to register as an e-filer at the inception of her appeal. IAF, Tab 1 at 3. The appeal form and the Board's e-filer regulations provide that, as a registered e-filer, the appellant agreed to accept service of documents through electronic service and was required to

monitor her case activity at the Repository at e-Appeal Online to ensure she received all case related documents. *Id.*; 5 C.F.R. § 1201.14(e)(1), (j)(3). Moreover, our regulations provide that Board documents served electronically on registered e-filers are deemed received on the date of electronic submission. 5 C.F.R. § 1201.14(m)(2). When a statute or regulation "deems" something to have been done, the event is considered to have occurred whether or not it actually did. *Rivera*, 111 M.S.P.R. at 584 (citing *Lima v. Department of the Air Force*, 101 M.S.P.R. 64, ¶ 5 (2006)). The administrative judge's initial decision indicates that it was served on the appellant by electronic mail on June 10, 2016, and the appellant acknowledges that she received an email regarding the initial decision. IAF, Tab 18; PFR File, Tab 5 at 3. The appellant does not explain why she ceased monitoring her email and the Repository at e-Appeal Online and only reviewed the decision approximately 4 weeks following service. PFR File, Tab 5 at 3. There is no indication that the email notification the appellant received regarding the initial decision was received after the June 10, 2016 date of service.

¶8        The appellant's argument that she should have received a telephone call regarding the initial decision does not excuse her lack of awareness of its issuance. The record reflects that on one occasion, the administrative judge contacted the appellant by telephone after the appellant failed to appear for a prehearing conference scheduled on the date and time set forth in the administrative judge's hearing order. IAF, Tab 12 at 1. The administrative judge's order memorializing the conversation reflects that the appellant did not allege that she did not receive the Board's email informing her that the hearing order was added to the Repository and reported that she had not checked the Repository. *Id.* The appellant has acknowledged that she monitored her email and the Repository following this conversation. PFR File, Tab 5 at 3. She has failed to cite any law, rule, or regulation that would obligate the Board to telephone her every time it issues an order or initial decision, and we are not

aware of any. The appellant could not have reasonably believed that her failure to receive telephone contact regarding the initial decision excused her from monitoring her email and the Repository for new documents or, once she received the decision, from complying with the deadline for filing the petition for review set forth in the initial decision. Accordingly, we deem the appellant to have timely received the initial decision on June 10, 2016.

¶9    The appellant's final argument that she misaddressed the petition for review is insufficient to show that she exercised due diligence to timely file the petition under the circumstances. Despite allegedly viewing the initial decision for the first time on or about July 8, 2016, a week prior to the deadline for filing a petition for review, the appellant composed the petition 5 days after the deadline and mailed it the week after its composition. PFR File, Tab 5 at 3. Even if the appellant misaddressed the petition, she mailed it at least 10 days after the deadline to file the petition. *Id.* The appellant provides neither an explanation for this delay nor the address to which she initially mailed the petition. *Id.* Therefore, the appellant has provided insufficient evidence to show she exercised due diligence to timely file her petition, or that circumstances beyond her control affected her ability to comply with the time limits, and thus has not established good cause for the untimely filing. *Cf. Norrup v. Department of the Navy*, 87 M.S.P.R. 444, ¶ 7 (2001) (holding that good cause for waiving the time limit for an appeal was shown where the pro se appellant demonstrated that he filed a timely but misaddressed submission); *Sanford v. Department of Defense*, 61 M.S.P.R. 207, 210 (1994) (holding that failure to follow filing instructions was good cause for a 12-day filing delay when the appellant filed an otherwise timely appeal with his employing agency and filed with the Board as soon as he learned of his mistake).

¶10    As stated above, we deem the appellant to have received the initial decision on June 10, 2016; therefore, the deadline to file the petition for review was

July 15, 2016. ID at 4. The petition for review was not filed until August 20, 2016, over 1 month after the filing deadline, which constitutes a significant delay in filing with no showing of good cause for the delay. *See Crook v. U.S. Postal Service*, 108 M.S.P.R. 553, 555 (finding a 1-month delay in filing a petition for review was significant), *aff'd*, 301 F. App'x 982 (Fed. Cir. 2008); *Blankenship v. Department of Veterans Affairs*, 98 M.S.P.R. 641, 643 (2005) (finding a 25-day delay in filing a petition for review was significant).

¶11    Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's removal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for
                              _____
                              Jennifer Everling
                              Acting Clerk of the Board
Washington, D.C.